J-S43037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT JOHN PRETTI | |
| Appellant | No. 3390 EDA 2014 |

Appeal from the PCRA Order October 27, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001851-2005;
CP-23-CR-0004226-2005

BEFORE: GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED SEPTEMBER 30, 2015**

Appellant, Robert John Pretti, appeals from the order entered in the Delaware County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts of this case as follows:

> On January 30, 2005, at approximately 6:43 p.m., Pennsylvania State Trooper Louis Vitali was on patrol in Concord Township, Delaware County[,] Pennsylvania, when he observed a black male running across U.S. Route 1 in what appeared to be a distressed manner. The black male ran directly in front of the Trooper's patrol car and proceeded running in the direction of the Concordville Inn Restaurant. Trooper Vitali attempted to locate the black

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

male, but was unsuccessful in this regard. At 7:10 [p.m.], members of the Pennsylvania State Police were dispatched to the Whitehall Apartment Complex to answer a call regarding an unresponsive person. Upon their arrival, they discovered a black male, later identified as Eric Oswald LaRoche, lying at the bottom of the steps in the front hallway entrance, face down in a small pool of blood, with a gunshot wound to the chest. Subsequently, a paramedic called to the scene pronounced the victim dead.

While investigating the shooting, members of the Pennsylvania State Police Department conducted an investigation and observed a small hole in the middle of the door of Apartment 2A, which appeared to have been made by a small caliber bullet. The State Troopers knocked on the door, but no one responded. The State Troopers gained access to the apartment to check on the safety and welfare of the occupants of the apartment, if any. Upon entry to the apartment, the State Troopers located in a closet, a .22 caliber rifle case and a box of .22 caliber ammunition. After securing the apartment, a Search Warrant was obtained and during the subsequent search, the State Troopers discovered a spent .22 caliber rifle shell casing, as well as cocaine, bagging material, a scale and other paraphernalia used in connection with the sale of illegal narcotics.

Several days later, the State Troopers received a telephone call from Robert Keller, Esquire, indicating that he represented Appellant and further indicating that Appellant wanted to turn himself in and make a statement. Appellant did in fact turn himself in and after being read his *Miranda* Warnings, he made a statement admitting that he resided in apartment 2A and that on January 30, 2005, he heard persons trying to gain entry through his front door. Consequently, he obtained his rifle and blindly shot through the front door.

(PCRA Court's Opinion, filed January 28, 2015, at 1-2). Appellant was charged with murder, possession with intent to distribute ("PWID"), and related offenses. Appellant filed an omnibus pretrial motion, which the court

denied following a hearing. Thereafter, on April 26, 2007, Appellant filed a petition to dismiss the charges due to a violation of Pa.R.Crim.P. 600. The court conducted a hearing, and denied Appellant's petition on May 17, 2007.

On February 29, 2008, a jury convicted Appellant of third-degree murder and PWID. The court sentenced Appellant on May 27, 2008, to fifteen (15) to thirty (30) years' imprisonment for murder, and a consecutive eight (8) to twenty (20) years' imprisonment for PWID. Appellant timely filed a post-sentence motion, which the court denied. This Court affirmed Appellant's judgment of sentence on October 8, 2009, and our Supreme Court denied allowance of appeal on May 18, 2010. *See Commonwealth v. Pretti*, 987 A.2d 822 (Pa.Super. 2009), *appeal denied*, 606 Pa. 663, 995 A.2d 353 (2010).

Appellant timely filed his first PCRA petition *pro se* on May 18, 2011. The PCRA court appointed counsel, who filed an application to withdraw and a "no-merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court granted counsel's application to withdraw, and issued on September 17, 2014, a notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response, which alleged PCRA counsel's ineffectiveness. The PCRA court denied Appellant's petition on October 27, 2014, and Appellant timely filed a notice of appeal. The PCRA court did not

order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises the following issues for our review:

DID THE PCRA COURT [ERR] IN SUMMARILY DISMISSING APPELLANT'S PETITION WHEN PCRA COUNSEL FAILED TO RAISE A MERITORIOUS CLAIM OF TRIAL COUNSEL'S INEFFECTIVENESS FOR NOT REQUESTING AN ACCOMPLICE "CORRUPT SOURCE" JURY INSTRUCTION PERTAINING TO COMMONWEALTH WITNESS BRIAN "LOU" DRIGGINS?

DID THE PCRA COURT [ERR] IN SUMMARILY DISMISSING APPELLANT'S PETITION WHEN PCRA COUNSEL FAILED TO RAISE A MERITORIOUS CLAIM OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FLIP-FLOPPING ON THE ACTUAL INNOCENCE DEFENSE DURING CLOSING SUMMATION?

DID THE PCRA COURT [ERR] IN SUMMARILY DISMISSING APPELLANT'S PETITION WHEN PCRA COUNSEL'S "NO-MERIT" LETTER DID NOT MEET THE PREREQUISITES OF **TURNER**/**FINLEY** BECAUSE [PCRA] COUNSEL DID NOT MAKE THE NECESSARY THOROUGH REVIEW OF THE RELEVANT RECORD PERTAINING TO THE RULE 600 CLAIM?

(Appellant's Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal*

*denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012).

In issues one and two, Appellant argues PCRA counsel was ineffective for failing to raise claims regarding trial counsel's ineffectiveness. Appellant alleges trial counsel was ineffective for failing to request an accomplice jury instruction after the Commonwealth's witness, Mr. Driggins, testified he and the victim went to Appellant's apartment to buy drugs, and that Mr. Driggins was waiting outside when Appellant killed the victim. Appellant claims trial counsel lacked any reasonable basis not to request this instruction following Appellant's testimony that Mr. Driggins, and not Appellant, killed the victim while Mr. Driggins was in Appellant's apartment. Appellant contends trial counsel's ineffectiveness prejudiced Appellant because the jury was not cautioned against placing too much blame on Appellant. Appellant also claims trial counsel was ineffective for changing Appellant's defense strategy of "actual innocence" when trial counsel argued in closing that Appellant killed the victim in self-defense. Appellant avers trial counsel lacked a

reasonable basis to change Appellant's defense strategy, which sabotaged Appellant's "actual innocence" testimony. Appellant alleges he suffered substantial prejudice because trial counsel's closing argument of self-defense conceded that Appellant had committed perjury when he testified that Mr. Driggins had killed the victim. Appellant maintains PCRA counsel's failure to raise these claims in an amended PCRA petition constituted ineffective assistance, and counsels' actions adversely affected the outcome of the proceedings. Appellant concludes we should vacate the PCRA court's order, and remand for a PCRA hearing with new counsel. We disagree.

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit...." ***Commonwealth***

***v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994).  "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim."

***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests.  If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings.  The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  In [***Kimball, supra***], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

***Commonwealth v. Chambers***, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

Instantly, Appellant's claims regarding PCRA and trial counsels' ineffectiveness lack merit.  Appellant argues counsels' ineffectiveness had an adverse impact on the outcome of the proceedings.  Nevertheless, Appellant has not demonstrated that, but for trial and PCRA counsels' alleged ineffectiveness, there is a reasonable probability that the result of Appellant's proceedings would have been different.  ***See Chambers, supra***.  Appellant has failed to prove counsels' actions or omissions caused Appellant

any prejudice. ***See Kimball, supra***. Therefore, Appellant's issues one and two merit no relief. ***See Williams, supra***.

In his final issue, Appellant argues PCRA counsel's ***Turner***/***Finley*** "no-merit" letter was deficient.[2] Specifically, Appellant contends PCRA counsel conducted an inadequate review of Appellant's Rule 600 claim by failing to request a transcript from the Rule 600 hearing. Appellant maintains PCRA counsel's representation was deficient because he was obligated to examine all relevant records pertaining to Appellant's Rule 600 issue before submitting a ***Turner***/***Finley*** "no-merit" letter. Appellant concludes we should vacate and remand for a hearing with new counsel. We disagree.

"[T]o succeed on an allegation of…counsel's ineffectiveness…a post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." ***Commonwealth v. D'Amato***, 579 Pa. 490, 500, 856 A.2d 806, 812 (2004) (internal citations omitted). "[A] petitioner does not preserve a…claim of ineffectiveness merely by focusing his attention on

---

[2] "[A]n appellate court may [not] *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue…." ***Commonwealth v. Pitts***, 603 Pa. 1, 9, 981 A.2d 875, 879 (2009) (determining appellant failed to raise issue of PCRA counsel's "no-merit" letter after PCRA court issued Rule 907 notice). In the present case, Appellant challenged the adequacy of PCRA counsel's "no-merit" letter in his response to the PCRA court's Rule 907 notice. Therefore, our review of PCRA counsel's "no-merit" letter does not conflict with our Supreme Court's decision in ***Pitts***.

whether…counsel was ineffective. Rather, the petitioner must also present argument as to how the second and third prongs of the **Pierce** test are met with regard to the…claim." **Commonwealth v. Santiago**, 579 Pa. 46, 69, 855 A.2d 682, 696 (2004). "[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [the petitioner's] burden of establishing that he is entitled to any relief." **Commonwealth v. Bracey**, 568 Pa. 264, 273 n.4, 795 A.2d 935, 940 n.4 (2001).

Moreover, "[b]efore an attorney can be permitted to withdraw from representing a petitioner **under the PCRA**, Pennsylvania law requires counsel to file and obtain approval of a 'no-merit' letter pursuant to the mandates of **Turner**/**Finley**." **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003) (emphasis in original).

> [C]ounsel must…submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and petition to withdraw and advise the petitioner of his right to proceed *pro se* or with new counsel. **Id.** "Substantial compliance with these requirements will satisfy the criteria." **Karanicolas, supra**.

Here, Appellant's argument essentially alleges PCRA counsel's

ineffectiveness for failure to comply with the requirements of *Turner*/*Finley*. Appellant baldly asserts his right to effective assistance of PCRA counsel. Nevertheless, Appellant does not attempt to apply the 3-part standard governing the review of ineffectiveness claims. **See Kimball, supra**. Thus, Appellant has not established that he is entitled to any relief on his claims. **See Bracey, supra**.

Furthermore, PCRA counsel substantially complied with the requirements of a *Turner*/*Finley* "no-merit" letter when he filed the letter and application to withdraw as counsel with the PCRA court. PCRA counsel stated he corresponded with Appellant and reviewed Appellant's file and available court records. PCRA counsel also listed the ineffective assistance of counsel claim regarding Rule 600 that Appellant wished to raise, and explained why the claim merits no relief. PCRA counsel indicated that he served Appellant with a copy of the "no-merit" letter and application to withdraw, which notified Appellant of PCRA counsel's request to withdraw and provided an explanation of Appellant's right to proceed *pro se* or with private counsel. Thus, PCRA counsel substantially complied with the *Turner*/*Finley* requirements. **See Commonwealth v. Widgins**, 29 A.3d 816 (Pa.Super. 2011) (holding PCRA counsel substantially complied with *Turner*/*Finley* requirements to withdraw as counsel); **Karanicolas, supra**. Accordingly, we affirm.

Order affirmed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/2015